```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
               Civil No. 13-2991(DSD)
```

In Re Belinda Hanson:                       Bankruptcy 13-33447
                                            Chapter 7 Case
          Debtor.
-----------------------------------
Michael J. Iannacone, Trustee

          Appellant,

v.                                                       **ORDER**

Belinda Hanson,

          Appellee.


This matter is before the court upon the motion by appellant Michael Iannacone to stay the instant bankruptcy appeal. Iannacone argues that a stay is warranted, as the Supreme Court has recently granted certiorari on an identical case. See In re Clark, 714 F.3d 559 (7th Cir. 2013), cert. granted sub nom. Clark v. Rameker, 82 U.S.L.W. 3118 (U.S. Nov. 26, 2013) (No. 13-299). Appellee Belinda Hanson opposes a stay and argues that because of "the uncertain health and employment circumstances facing the appellee, she respectfully requests that the court proceed with this matter, rather than wait for the United States Supreme Court to make a decision in the Clark case." Mem. Opp'n 2.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Emerson Elec. Co. v. Black & Decker Mfg. Co.,

606 F.2d 234, 237 n.6 (8th Cir. 1979) (citation and internal quotation marks omitted). "[A]n applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward." Jones v. Clinton, 72 F.3d 1354, 1364 (8th Cir. 1996) (citation omitted). "[I]n determining the propriety of a stay, the Court should weigh the competing interests of the parties, and the hardship or inequity a party may suffer if a stay is granted." Robinson v. Bank of Am., N.A., No. 11-2284, 2012 WL 2885587, at *1 (D. Minn. July 13, 2012) (citation omitted). Moreover, the court considers the conservation of judicial resources. See KK Motors, Inc. v. Brunswick Corp., No. 98-2307, 1999 WL 246808, at *1 (D. Minn. Feb. 23, 1999).

Here, the court has weighed the interests of the appellant, the appellee and the court, and finds that a stay pending the outcome of Clark is warranted. Accordingly, **IT IS HEREBY ORDERED** that the motion to stay [ECF No. 10] is granted.

Dated: December 13, 2013

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court