```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 Civil No. 13-2991(DSD)
```

In Re Belinda Hanson:                    Bankruptcy 13-33447
                                         Chapter 7 Case
          Debtor.
-----------------------------------
Michael J. Iannacone, Trustee,

          Appellant,

v.                                                **ORDER**

Belinda Hanson,

          Appellee.


     Mary F. Sieling, Esq., Michael J. Iannacone III, Esq. and
     Iannacone Law Office, PLLC, 8687 Eagle Point Boulevard,
     Lake Elmo, MN 55042, counsel for appellant.

     Andrew C. Walker, Esq., Curtis K. Walker, Esq., May C.
     Hoben, Esq. and Walker & Walker Law Offices LLC, 4356
     Nicollet Avenue South, Minneapolis, MN 55409, counsel for
     appellee.


     This matter is before the court upon the appeal by Michael Iannacone of the October 3, 2013, order of the bankruptcy court. Iannacone appeals the bankruptcy court's order overruling his objection to debtor Belinda J. Hanson's claimed exemption of an inherited individual retirement account (IRA).  Based on a review of the file, record and proceedings herein, the court reverses and remands the matter to the bankruptcy court.

**BACKGROUND**

This bankruptcy dispute arises out of the petition for Chapter 7 bankruptcy filed by Hanson on July 16, 2013. In her petition, Hanson listed an IRA valued at $68,114.74. ECF No. 4-1, at 12. Hanson claimed that the IRA was exempt from bankruptcy proceedings pursuant to 11 U.S.C. § 522(d)(12). Id. Iannacone, as the bankruptcy trustee, objected to the claimed exemption, arguing that, because the IRA at issue was inherited from Hanson's mother, it could not be considered exempt. ECF No. 4-2. On October 2, 2013, the bankruptcy court overruled the objection and allowed Hanson's claimed exemption of the inherited IRA. ECF No. 4-6. Iannacone appeals.

**DISCUSSION**

When an appellant elects to have the district court hear its appeal of a final judgment of the bankruptcy court, the district court "acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." In re Falcon Prods., Inc., 497 F.3d 838, 840–41 (8th Cir. 2007) (citation and internal quotation marks omitted).

Under 11 U.S.C. § 522(d)(12), "[r]etirement funds to the extent that those funds are in a fund or account that is exempt

from taxation" are exempted from bankruptcy proceedings. At the time of the bankruptcy court's order, it was an open question whether IRAs inherited from a non-spouse qualified as "retirement funds" under § 522(d)(12). Compare In re Clark, 714 F.3d 559, 562 (7th Cir. 2013) (finding inherited IRAs not exempt from bankruptcy proceedings), with In re Chilton, 674 F.3d 486, (5th Cir. 2012) ("[I]nherited IRAs are contained in an "account" that is "exempt from taxation" as that phrase is used in section 522(d)(1)."). On June 12, 2014,[1] however, the Supreme Court squarely addressed the issue, ruling that inherited IRAs do not "qualify as retirement funds within the meaning of th[e] bankruptcy exemption." Clark v. Rameker, 134 S. Ct. 2242, 2244 (2014). As a result, the court finds that the bankruptcy court erred in overruling Iannacone's objections relating to the inherited IRA, as such accounts cannot be claimed as exempt under 11 U.S.C. § 522(d)(12). Therefore, the court reverses the bankruptcy court's October 2, 2013, order overruling the objections by Iannacone.

---

[1] On December 13, 2013, the court stayed this matter pending the Supreme Court's resolution of Clark. ECF No. 16.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the October 2, 2013, order of the bankruptcy court is reversed and the matter is remanded to the bankruptcy court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 4, 2014

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court